IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APRIL DAWN ANTONACCI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TAMBRA K. CAIN, CHAD THOMAS, TERESA DAIN, DEPARTMENT OF CHILDREN AND FAMILY SERVICES, BRYAN O'NEAL, SARA K. TRIPP, RACHEL SOLDNER, ERICA HARRIS, BRIAN TRAMBLEY, TAMMI JACKSON, and FREDERICK TURNER, JR.,<br><br>　　　　Defendants. | Case No. 3:24-CV-2123-NJR |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff April Dawn Antonacci, proceeding *pro se*, filed this action alleging that the Illinois Department of Children and Family Services ("DCFS") and others violated her right to privacy as protected by the Fourteenth Amendment, the Fourth Amendment's guarantee against unreasonable seizures, and her due process and equal protection rights under the Fifth and Fourteenth Amendments when they unlawfully removed her children from her custody. (Doc. 3). Antonacci also makes various state law claims. (*Id.*).

The case is now before the Court on Antonacci's Motion to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 4). Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a federal court action without paying required costs and fees by submitting an affidavit asserting her inability to pay the fees, the nature of the action, and the affiant's belief

that she is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of her poverty, provide herself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court is not satisfied from Antonacci's affidavit that she is indigent. Antonacci reports that she makes $1,202.87 every two weeks, for a total monthly net income of $2,405.74. (Doc. 4). She also reports having $200 in a checking or savings account and owning a 2012 Honda Civic. (*Id.*). In terms of expenses, Antonacci attests to spending $1,155 on regular monthly expenses. (*Id.*). Thus, from her affidavit, it appears that Antonacci has approximately $1,250 in disposable income each month. This income is sufficient to pay the filing fee in this matter; thus, her motion to proceed without prepaying the filing fee is denied. Antonacci shall have 30 days to pay the filing fee in this matter or to file an amended Motion to Proceed in District Court Without Prepaying Fees or Costs.

The Court also, *sua sponte*, directs Antonacci to amend her complaint to provide a more definite statement of her claims. Under Federal Rule of Civil Procedure 8(a), a complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a). In other words, the complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404. Under Rule 12(e), a court may order a party to

provide a more definite statement when the original pleadings are "so vague or ambiguous" that the opposing party cannot reasonably be required to frame a response. *Mitchell v. Elec. Beach Tanning Salon Ltd.*, No. 18 C 7475, 2019 WL 1077127, at *2 (N.D. Ill. Mar. 7, 2019).

Currently, the Complaint suffers from a number of defects. It contains few facts explaining what happened in this case, and the Court is unsure of who exactly Antonacci is suing and for what. While the Court believes Antonacci has named only Tambra Cain, as the State's Attorney for Johnson County, Chad Thomas, Teresa Dain, and the Department of Children and Family Services as Defendants, the Complaint also lists seven other individuals as "Respondents." Antonacci further makes numerous legal conclusions, in bulleted form, regarding the alleged violation of her constitutional rights. Finally, the Complaint contains a list of supporting case law and arguments, which is inappropriate to include in a complaint, and the Prayer for Relief asks the Court to declare that Illinois's Uniform Mediation Act is unconstitutional, unenforceable, and void, despite no prior reference whatsoever to the Uniform Mediation Act. In sum, the Complaint as it stands is so vague, ambiguous, and confusing that the opposing parties cannot reasonably be required to respond to it.

For these reasons, the Court orders Antonacci to amend her Complaint to provide a more definite statement of the facts and claims she is alleging. At minimum, the amended complaint should include a statement of the facts, a list of the parties to this case, the legal claims asserted, and who those claims are asserted against. The Court encourages Antonacci to review the Court's resources for *pro se* litigants, which can be found at: https://www.ilsd.uscourts.gov/representing-yourself-pro-se-litigant. In particular, the Court encourages Plaintiff to review the American Bar Association's Handbook for Pro Se Litigants, which explains how to draft a complaint in federal court.

CONCLUSION

For these reasons, Antonacci's Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) is **DENIED**. Antonacci must either pay the $405 filing fee or file an amended motion on or before **December 23, 2024**.

Antonacci is further **ORDERED** to file an amended complaint on or before **December 23, 2024**. Failure to comply with this Court's order may result in the dismissal of this action.

Finally, the Court **GRANTS** Antonacci's Motion Seeking Electronic Filing Privileges. (Doc. 6). Antonacci is granted access to the District Court's electronic case filing system. In order to access the system, Antonacci must first enroll to use CM/ECF in the Southern District of Illinois by obtaining a personal PACER account at: https://www.pacer.gov. Antonacci must then complete the application for "Non-Attorney E-File Registration" located on the Maintenance tab within her personal PACER account. Antonacci is **ADVISED** that once she is registered for electronic filing, the Clerk's Office will no longer mail paper copies of documents that are filed.

**IT IS SO ORDERED.**

DATED:   November 25, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**