IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

APRIL ANTONACCI,

      **Plaintiff,**

v.

      Case No. 3:24-CV-2123-NJR

CHAD THOMAS, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Motion to Set Aside Default filed by Defendants Misty Chamness, Teresa Dain, and Chad Thomas ("Defendants"). (Doc. 60). Defendants were served with the Amended Complaint on April 22, 2026, but did not file a responsive pleading by the deadline of May 8, 2026. (*See* Docs. 23, 24, 25). Thus, Plaintiff Dawn Antonacci filed a Motion for Entry of Default under Federal Rule of Civil Procedure 55(a). (Doc. 35). The Clerk of Court subsequently entered default against Defendants. (Doc. 38).

In their motion to set aside the entry of default, Defendants state that they timely requested representation from the Illinois Office of Attorney General; however, no appearance was entered on their behalf within the time to plead. (Doc. 60). Counsel for Defendants states that she is the Bureau Chief for the Springfield General Law Bureau, which handles thousands of matters across the State of Illinois. (*Id.*). She further notes that the bureau has experienced a high level of attorney turnover in the past year and, as

a result, pending work is frequently redistributed within the bureau. (*Id.*). Counsel asserts that these factors—along with counsel's quick action to correct the default and the existence of meritorious defenses to the Amended Complaint—constitute good cause for setting aside the entry of default. (*Id.*). Antonacci did not respond to Defendants' motion.

Under Federal Rule of Civil Procedure 55(c), "the court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007) ("Damages disproportionate to the wrong afford good cause for judicial action, even [if] there is no good excuse for the defendant's inattention to the case."). A party seeking to have an entry of default vacated prior to entry of a default judgment must show: (1) good cause; (2) quick action to correct the default; and (3) a meritorious defense to the complaint. *Sun v. Board of Trustees of University of IL*, 473 F.3d 799, 810 (7th Cir. 2007). The Seventh Circuit has a "well established policy favoring a trial on the merits" and views default judgments as a "weapon of last resort, appropriate only when a party willfully disregards pending litigation." *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023) (quoting *Sun*, 473 F.3d at 811).

Here, Defendants have demonstrated that the entry of default should be set aside under Rule 55(c). They requested representation within the time to respond to the Amended Complaint and are willing to litigate the case. Furthermore, the failure to timely respond is the result of counsel's caseload and distribution of work rather than the Defendants' decision to willfully disregard the action. *See Comerica Bank*, 215 at 509 (district courts abuse their discretion when they enter default judgment knowing the

litigant's default is the result primarily of his attorney's neglect). Finally, Defendants have demonstrated that they potentially have meritorious defenses, including qualified immunity and the statute of limitations. Given the Seventh Circuit's policy of favoring a trial on the merits over default judgment, the Court finds that good causes exists for vacating the entry of default.

For these reasons, the Court **GRANTS** the Motion to Set Aside Default filed by Defendants Misty Chamness, Teresa Dain, and Chad Thomas (Doc. 60). Defendants shall file a responsive pleading on or before **July 30, 2026**.

**IT IS SO ORDERED.**

**DATED:   June 30, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**